IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL TURMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-0740-CV-W-DGK-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING COMMISIONER'S DECISION

Plaintiff Crystal Turman seeks judicial review of the Commissioner's denial of her application for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has exhausted all administrative remedies, and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

Turman alleges she became disabled as of March 28, 2008, and is therefore unable to engage in substantial gainful employment as a matter of law. After independent review of the record, carefully considering the arguments set forth by the parties, the Court finds the Commissioner's decision denying SSI benefits is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

1

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are consistent with the Social Security Act, the relevant case law, and the regulations, and whether they are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* In making this determination, the court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Id.* If substantial evidence in the record supports the Commissioner's decision, the court may not reverse because substantial evidence in the record supports a contrary result or because the court may have decided the case differently. *Id.*

## Discussion

To establish entitlement to benefits, Plaintiff must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of no less than 12 months. 42 U.S.C. §§ 423(d) and 1382(a)(3)(A). To determine a claimant's eligibility for SSI, the Commissioner employs a five-step evaluation process.[1] *See* 20 C.F.R. §§ 404.1520(a) and 416.920(a).

---

[1] There is a five-step process for determining eligibility. If the fact-finder determines at any step of the evaluation process that the claimant is or is not disabled, the inquiry does not continue. The applicant bears the burden of showing he is disabled from steps one through four of the process. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). At step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Id.* The steps proceed as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, the applicant is not disabled; if not, the inquiry continues. At step two, the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments that has lasted or is expected to last for a continuous 12-month period. If not, the applicant is not disabled; if so, the inquiry continues. At step three, the Commissioner considers whether the impairment or combination of impairments meets the criteria of any impairment listed in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four, the

2

Case 4:11-cv-00740-DGK   Document 14   Filed 09/25/12   Page 2 of 6

In the instant case, the administrative law judge ("ALJ") found that despite Plaintiff's impairments including asthma, a learning disorder, seizures, and an affective disorder, Plaintiff was not disabled and was able to return to her past relevant work as a vending machine attendant. Plaintiff, however, argues: (1) the ALJ improperly assessed her residual functional capacity ("RFC"); and (2) the ALJ improperly concluded that she could perform work existing in significant numbers in the national economy.

**A. The ALJ properly assessed Plaintiff's RFC.**

After reviewing the record as a whole, the ALJ found that Plaintiff had marked difficulties in maintaining concentration, persistence, and pace but determined that she retained the RFC to perform work at all exertional levels. Specifically, the ALJ found that Plaintiff could perform jobs limited to tasks involving short, simple instructions, and interactions with the general public limited to answering simple questions or requesting assistance from other co-workers. The Court finds this determination is supported by substantial evidence of record.

Plaintiff asserts that the ALJ's RFC determination does not properly account for the ALJ's findings that Plaintiff had marked limitations in concentration, persistence, or pace. Moreover, Plaintiff contests the ALJ's finding that she could perform work with no exertional limitations even though she suffers from both asthma and seizures.

An ALJ must base her RFC determination on all evidence of record. *Pearsall v. Massanari*, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). Although an RFC is a medical determination, in making this determination

---

Commissioner considers if the applicant's residual functional capacity allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five, the Commissioner considers whether, in light of the applicant's residual functional capacity, age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King*, 564 F.3d at 979 n.2.

the ALJ must rely not only on medical evidence but on all relevant, credible evidence. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

Here, the medical evidence supports the ALJ's determination, and the ALJ thoroughly considered and discussed this evidence in rendering her decision. Although Plaintiff contends that the ALJ failed to account for her "marked limitations in concentration, persistence, and pace," the ALJ properly accounted for these limitations by asking the vocational expert whether an individual limited to short, simple instructions and limited contact with the general public could perform jobs existing in the national economy. *Brachtel v. Apfel,* 132 F.3d 417, 421 (8th Cir. 1997) (holding that a hypothetical including the "ability to do only simple routine repetitive work, which does not require close attention to detail" sufficiently describes deficiencies of concentration, persistence, or pace). Moreover, the ALJ based her determination on the record as a whole, taking into account the inconsistencies between Plaintiff's subjective allegations and the evidence of Plaintiff's daily living activities and medical records.

Plaintiff's contention that the ALJ failed to consider her asthma and seizures is also without merit. The ALJ found Plaintiff's asthma and seizures constituted severe impairments but then found that such impairments did not meet or equal the listing-level impairments. The record indicates that the ALJ's determination that these impairments were severe was generous; Plaintiff did not seek continued treatment from any medical provider for these conditions. *See Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) ("[T]he ALJ concluded, and we agree, that if her pain was as severe as she alleges, [Plaintiff] would have sought regular medical treatment."). Moreover, Plaintiff did not allege any physical limitations related to these impairments, and Plaintiff's mother testified that she had no limitations lifting, standing, sitting, walking, stair-climbing, squatting, kneeling, bending, using her hands, or reaching.

Additionally, the ALJ's finding that Plaintiff can perform work at all exertional levels is consistent with Plaintiff's daily living activities which include, among others, preparing meals, doing laundry, washing dishes, making her bed, ironing, vacuuming, caring for animals, using public transportation, and attending church.  R. at 12, 24, 27, 144-48, 158-59, 306.

Finally, Plaintiff argues the ALJ failed to fully develop the medical record in order to make an informed decision. Specifically, Plaintiff alleges that the ALJ failed to seek additional evidence regarding her borderline intellectual range, PTSD, and Borderline Personality Disorder. However, as discussed above, the ALJ properly evaluated Plaintiff's RFC, fully considering all the relevant evidence including the medical evidence, Plaintiff's subjective allegations of disability, and her daily living activities.

Accordingly, the Court upholds the ALJ's determination of Plaintiff's RFC, finding that the ALJ's determination was based on substantial evidence of record and properly included only Plaintiff's credible limitations.  *See Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010).

**B. The ALJ properly determined that Plaintiff retained the RFC to perform her past relevant work.**

After properly assessing Plaintiff's RFC, the ALJ found that Plaintiff could perform her past relevant work as a vending machine attendant, a position she held in 1994.  Past relevant work includes work that was performed within the last 15 years, lasted long enough for the claimant to learn how to do it, and was performed at the level of substantial gainful activity.  *See* 20 C.F.R. §§ 416.960(b)(1) and 416.965(a).  In 1994, substantial gainful activity existed if earnings exceeded $500 per month.  20 C.F.R. § 416.974(b)(2).  Plaintiff argues that the ALJ's determination was improper because Plaintiff held this job more than fifteen years ago and she earned less than $500 per month for her work.

First, the Court notes that it need not reach this argument because the ALJ also found, in the alternative, that Plaintiff could perform other work existing in significant numbers in the national economy. R. at 16-17. Still, the Court finds the ALJ's determination that Plaintiff could perform her past work as a vending machine attendant is supported by the evidence of record. Although Plaintiff testified at her hearing that she worked only one to two hours per day as a vending machine attendant, in her disability report, she claimed she worked at this position for eight hours a day, five days a week, for $5.15 per hour. Under these calculations, her earnings would exceed $500 a month and qualify the work as substantial gainful activity. Additionally, while Plaintiff performed this work more than fifteen years prior to her hearing, she did not perform this work more than fifteen years prior to her alleged date of onset, March 2008. See 20 C.F.R. § 416.965(a) ("We do not usually consider that work you did 15 years or more before the time we are deciding whether you are disabled applies . . . to insure that remote work experience is not currently applied"). Accordingly, the Court finds that the ALJ properly determined that Plaintiff was able to engage in work that exists in significant number in the national economy and that Plaintiff was able to return to her past relevant work as a vending machine attendant.

## Conclusion

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record. Accordingly, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  September 25, 2012                   /s/ Greg Kays
                                            GREG KAYS, JUDGE
                                            UNITED STATES DISTRICT COURT

6